UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELI WINKELMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-875 |
| | § | |
| AUSTIN POLICE DEPARTMENT, THE | § | |
| CITY OF AUSTIN, TEXAS, OFFICER | § | |
| RYAN HERRING, individually, et. al., | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Eli Winkelman ("Winkelman") files this Original Complaint against Defendants Austin Police Department (hereinafter "APD"), the Austin Police Department and City of Austin, Texas (hereinafter "Austin,"), Officer Ryan Herring, individually, Officer Irvin Williams, individually, Officer Matthew Carvalho, individually, Officer Brandon Reinarz, individually, Officer Fausto Rodriguez, individually, Officer Trinithad Garcia, individually, Officer Thomas Tuminelli, individually, Officer Quint Sebek, individually, Officer Ryan Tedford, individually, Officer Rolan Rast, individually, Officer Zachary Vandervalk, individually, Officer Andrew McRae, individually, Officer Ortho Duboise, individually, Officer John Ridenour, individually, Officer Julian Ogle, individually, Officer Michael McMorrow, individually, Officer Stephen Yurco, individually, Officer Daniel McLeish, individually, Officer Eric Scott, individually, Officer Christopher Renzi, individually, Officer Jared Jordan, individually, Officer Jason Yoon, individually, Officer Joseph Spees, individually, Officer Edward Jaramillo, individually, Officer Chaz McGinnis, individually, Officer Alejandro Lopez, individually, Officer Corey Hale, individually, Officer Paul Basaulto, individually, Officer Jamie Bryans, individually, Officer

Justin Lockhart, individually, Officer Brent Pardinek, individually, Officer Ryan Mihalik, individually, and Officer Richard Smith, individually (collectively, the "Officer Defendants"), for the excessive force they inflicted on her as she was exercising her free speech and assembly rights and demonstrating against police violence.

## I.    PARTIES

1.      Plaintiff Eli Winkelman is an individual who resides in Texas and during all times relevant to the allegations of this complaint was a citizen of the United States.

2.      Defendant Austin Police Department is a unit of local government in the State of Texas.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

3.      Defendant City of Austin, Texas is a unit of local government in the State of Texas. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

4.      The Officer Defendants comprise the male APD officers whom the City of Austin has identified as being present at the August 29, 2020 protest. Plaintiff has undertaken a good-faith effort to identify the two specific officers who used excessive force against her but the City of Austin and APD have been unable or unwilling to narrow the field beyond these officers; Plaintiff has therefore named all of them as defendants (the Officer Defendants) at this time.

5.      Defendant Officer Ryan Herring is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020

protest.  At all times relevant to this action, Defendant Officer Ryan Herring was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

6.    Defendant Officer Irvin Williams is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

7.    Defendant Officer Matthew Carvalho is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

8.    Defendant Officer Brandon Reinarz is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity

to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

9.      Defendant Officer Fausto Rodriguez is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

10.      Defendant Officer Trinithad Garcia is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

11.      Defendant Officer Thomas Tuminelli is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept

service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

12.     Defendant Officer Quint Sebek is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

13.     Defendant Officer Ryan Tedford is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

14.     Defendant Officer Rolan Rast is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

15.    Defendant Officer Zachary Vandervalk is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

16.    Defendant Officer Andrew McRae is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

17.    Defendant Officer Ortho Duboise is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

18.    Defendant Officer John Ridenour is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020

protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

19.     Defendant Officer Julian Ogle is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

20.     Defendant Officer Michael McMorrow is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

21.     Defendant Officer Stephen Yurco is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity

to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

22.      Defendant Officer Daniel McLeish is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

23.      Defendant Officer Eric Scott is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

24.      Defendant Officer Christopher Renzi is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept

service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

25.    Defendant Officer Jared Jordan is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

26.    Defendant Officer Jason Yoon is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

27.    Defendant Officer Joseph Spees is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

28.    Defendant Officer Edward Jaramillo is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

29.    Defendant Officer Chaz McGinnis is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

30.    Defendant Officer Alejandro Lopez is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

31.    Defendant Officer Corey Hale is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At

all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

32.     Defendant Officer Paul Basulto is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest. At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

33.     Defendant Officer Jamie Bryans is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest. At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

34.     Defendant Officer Justin Lockhart is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest. At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin. Defendant will be extended the opportunity

to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

35.     Defendant Officer Brent Pardinek is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

36.     Defendant Officer Ryan Mihalik is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

37.     Defendant Officer Richard Smith is a United States and Texas citizen and an Officer with the Austin Police Department who was present at the August 29, 2020 protest.  At all times relevant to this action, Defendant was a police officer employed by APD to perform duties in the City of Austin.  Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept

service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.

## II.    <u>JURISDICTION</u>

38.    This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

39.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(a)(3), (4) relating to actions arising under 42 U.S.C. § 1983 and by 28 U.S.C. § 1331 (federal question).

## III.    <u>VENUE</u>

40.    Venue is proper in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391.  Plaintiff's claims arose in whole or in part in the Western District of Texas.

## IV.    <u>FACTUAL ALLEGATIONS</u>

41.    Plaintiff Winkelman attended a protest rally and march that started at the Seaholm Retail District on August 29, 2020.  The rally was meant to commemorate the life of George Floyd, Michael Ramos, and other people who were killed in police shootings.

42.    The purpose of the protest was to end police brutality and the use of violence and excessive force.

43.    The march began at about 7 PM.  Around 50 people attended.

44.    Protestors have a First Amendment right to free expression and peaceful assembly.

45.    Disproportionate use of force by police officers can turn an otherwise peaceful protest violent.

46.    This was a peaceful protest.

47.    Protestors, including Plaintiff Winkelman, were within their rights to free expression and peaceful assembly.

48.    Plaintiff Winkelman attended this event to express her view that police brutality is wrong, and has no place in Austin, Texas and to document the event by filming it with her phone.

49.    Around 8:15 PM, when the marchers were walking in the street near the corner of Congress Avenue and Cesar Chavez Street, APD officers aggressively approached the marchers and demanded that they move from the street to the sidewalks nearby.

50.    Marchers attempted to comply with orders, but APD officers began pepper spraying and violently arresting them immediately after demanding they move.

51.    The Austin Police department has repeatedly used physical force, chemical irritants such as tear gas and pepper spray, and kinetic impact projectiles as a first resort tactic against peaceful protestors rather than as a response to any sort of actual threat or violence.

52.    Here, there was no threat of violence from the protestors.  The Austin Police Department caused the violence.

53.    Instead of de-escalating the situation, APD officers created a potentially dangerous situation by immediately resorting to physical force against peaceful protestors.

54.    Plaintiff Winkelman was filming the officers when they resorted to physical force.

55.     Winkelman was filming the officers because she was concerned about the safety of her friends and fellow protestors and wished to document the protest and the officers' actions.

56.     Plaintiff Winkelman saw a member of her protest group being arrested and pepper sprayed by APD officers.  She walked toward the police officer who was arresting her friend so that she could videotape the incident.

57.     Within seconds, one of the Officer Defendants ("Officer Defendant 1") purposely struck Plaintiff Winkelman's phone with which she was filming out of her hand.

58.     As Plaintiff Winkelman bent down to find the phone, she also began asking for the police officer's badge number.

59.     Officer Defendant 1 ignored her request, took a few steps away from her, then turned back around and forcefully pushed Plaintiff Winkelman.

60.     This use of force was excessive and unnecessary.

61.     Winkelman was acting within her rights to merely film the officers' violent actions.

62.     In the next moment, another of the Officer Defendants ("Officer Defendant 2") grabbed Plaintiff by the neck and violently slammed her to the ground, causing severe pain and trauma.

63.     This use of force was also excessive and unnecessary.

64.     This use of force appears calculated only to cause harm to Winkelman, since she was already on the sidewalk at the time the encounter with this officer began.

65.     There is no discernable reason to slam an unarmed young woman who poses no threat to officer or public safety into the pavement, other than to harm her.

66.    The two Officer Defendants were not attempting to effectuate an arrest of Winkelman at the time, and she was not resisting or disobeying any directive or command at the time.

67.    The two Officer Defendants simply used force against Winkelman for the sole purpose of using force against her.

68.    Winkelman is a young woman who is approximately five feet four inches tall and 130 pounds.

69.    The two Officer Defendants who used force against her are significantly larger than Winkelman.

70.    Winkelman posed no discernable threat to any of the officers at any time, especially when considering the significant and obvious discrepancy in size between her and the officers.

71.    At no point in time was any force warranted against Winkelman.

72.    Winkelman believes the fact that she happened to be wearing her bike helmet at the time saved her from serious head injuries, as her head hit the pavement so hard in this incident that she suffered post-concussive syndrome from it even with the helmet.

73.    Plaintiff Winkelman was then lifted up by members of her protest group and taken to safety, but she could not find her phone.

74.    She then returned to the area where she was slammed to the ground and saw her cell phone and bike light on the ground behind APD officers.  She asked the police officers to return her belongings, but they never gave the items back.

75.    Retaining Winkelman's property without charge or arrest is unreasonable and violates her rights to be free from unreasonable search and seizure.

76.    Plaintiff Winkelman never recovered her property despite calling the APD phone line to ask for help.

77.    Following the police assault of Plaintiff Winkelman, she had deep bruises on her hips that gave her pain whenever she sat.  Additionally, she had severe swelling in her elbow, headaches for multiple days, and she likely had a concussion and suffered from symptoms of post-concussive syndrome.

78.    A few weeks after the incident, Plaintiff Winkelman had to see a chiropractor for her injuries because she was in so much pain.

79.    Plaintiff Winkelman still fears police officers and is fearful that she may be attacked again.

80.    The APD officers' attacks on Winkelman were shocking, unreasonable, and would chill a person of ordinary firmness from continuing to engage in protected speech and assembly.

81.    Video footage of the APD officers' attacks on Winkelman can be accessed at the following link:

https://1drv.ms/u/s!AmR5VgwKtXTYioVsUeoLVVdhonmX4w?e=enaRow

82.    The City of Austin and Austin Police Department have an extensive history of using excessive force against unarmed individuals and peaceful protesters, especially when the protests concern police action and racial inequality, and particularly in the summer of 2020.

83.    APD has a long history of employing excessive force against unarmed individuals over the last few years.

84.    These individuals include, but are not limited to, Jesus Hernandez, Pete Hernandez, Sir Smith, Carlos Chacon, and Breaion King, an African-American schoolteacher whose violent arrest in 2015 sparked nationwide outrage.

85.    APD also has a long history of killing unarmed individuals.

86.    These individuals include, but are not limited to, David Joseph, Larry Jackson, Jr., Kevin Brown, Byron Carter, Ahmede Bradley, Jason Roque, Nathan Sanders, Daniel Rocha, and Michael Ramos.

87.    During the police violence protests in 2020, APD officers used excessive force numerous times.

88.    For example, APD officers used grotesque excessive force against protestors on May 30, 2021 by seriously injuring several people with "bean bag" shotgun rounds, and otherwise attacking innocent protestors who posed no threat and were merely exercising their First Amendment rights. APD officers also shoved and pushed protestors to the ground using excessive and unnecessary force in those protests.

89.    Victims of APD excessive force include Jason Gallagher, Saraneka Martin, Levi Ayala, Bomani Barton, Steven Arawn, Gemicah Volter-Jones, Meredith Williams, Nicole Underwood, and Joe Herrera.

90.    Police force against Martin was not justified by any facts known to APD or its officers.

91.    Police force against Gallagher was not justified by any facts known to APD or its officers.

92.    Police force against Ayala was not justified by any facts known to APD or its officers.

93.     Police force against Barton was not justified by any facts known to APD or its officers.

94.     Police force against Arawn was not justified by any facts known to APD or its officers.

95.     Police force against Volter-Jones was not justified by any facts known to APD or its officers.

96.     Police force against Williams was not justified by any facts known to APD or its officers.

97.     Police force against Underwood was not justified by any facts known to APD or its officers.

98.     Police force against Herrera was not justified by any facts known to APD or its officers.

99.     APD did not refrain from the use of excessive force following the serious injuries caused to protestors on May 30, 2020.  Instead, the city of Austin and the Chief of Police permitted APD to continue using excessive force.

100.    As a consequence, APD injured many other innocent protestors, including Justin Howell, Maredith Drake, Anthony Evans, Annette Chavez, Christen Warkoczewski, and Samuel Kirsch.

101.    Police force against Howell was not justified by any facts known to APD or its officers.

102.    Police force against Drake was not justified by any facts known to APD or its officers.

103.    Police force against Evans was not justified by any facts known to APD or its officers.

104.    Police force against Chavez was not justified by any facts known to APD or its officers.

105.    Police force against Warkoczewski was not justified by any facts known to APD or its officers.

106.    Police force against Kirsch was not justified by any facts known to APD or its officers.

107.    Numerous officers watched all of the above incidents take place without attempting to stop them, just like multiple officers watched and participated in the use of excessive force against Plaintiff Winkelman.

108.    It is, ironically, APD's policy and practice to use excessive force against anyone who dares protest APD's use of excessive force.

109.    The City of Austin was made aware of happened to Winkelman no later than February 2, 2022, that two officers tried to inflict serious bodily injury on her for peacefully protesting police violence.  The City was given the footage of this event.  The City is well aware of that APD used excessive force on protestors.  Yet, the City of Austin has inexplicably failed to take any action to remedy this.

110.    On information and belief, APD is also well aware of the violence its officers used against Winkelman and has footage of this event but has failed to discipline the officers involved in any way or take reasonable steps to remedy this.

111.    APD has a long-standing policy of providing paramilitary training for its officers to act as "warriors," and to see conflict with members of the public as inevitable parts of

an "us (police) vs. them (civilians)" culture.  Officers were trained to be "indifferent to the community" according to a report commissioned by the city.

112.    APD's training academy taught cadets, who later became APD officers, to act as if they were at war with the community they were supposed to be protecting.  In one incident, an academy instructor told cadets that if "anyone here says that want to be a police officer to 'help people,' I will punch you in the face."

113.    Another instructor told cadets to "pick someone out of a crowd and ask yourself 'how could I kill that person?'"

114.    A report commissioned by the City found that officers were trained to see "the Austin community [as] the enemy."

115.    Unsurprisingly, the report further found that "the culture of a police training academy reflects the culture of a department and impacts the mindset and approach to policing."  The report concluded that the City must provide "training for handling protests with non-militaristic approaches."

116.    On information and belief, neither the City, APD, nor then-Chief Manley reformed or changed the dangerous paramilitary culture of the police academy.


**V.    CAUSE OF ACTION: EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983**

117.    Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

118.    Plaintiff Winkelman brings claims against the Officer Defendants, in their individual capacities, pursuant to 42 U.S.C. § 1983 and § 1988 for excessive force.

119.    Plaintiff Winkelman has a valid claim under this statute because Plaintiff Winkelman has cognizable liberty interests to due process of law and to be free from the

use of excessive force without probable cause by a police officer pursuant to the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

120.     Plaintiff Winkelman likewise has cognizable liberty interests to engage in free speech and peaceably assemble and to be protected from retaliation for engaging in protected speech under the First Amendment.

121.     Plaintiff Winkelman exercised her free speech and assembly rights by attending the demonstration against police violence, demonstrating near officers, and filming the officers' conduct at the protest.

122.     Winkelman was deprived of her liberty interest when she was assaulted by two of the Officer Defendants.

123.     The Officer Defendants acted under color of their office and employment as officers for APD.

124.     The two Officer Defendants' use of excessive force against Plaintiff Winkelman took place under color of law. At all times, the officers acted within the course and scope of their employment with APD and under the color of law.

125.     The two Officer Defendants were aware that their conduct was unlawful and violated Plaintiff Winkelman's civil rights by using excessive force against her without probable cause for alleged crimes.

126.     Officer Defendant 1's use of force was unreasonable under the circumstances and thus excessive.  Plaintiff Winkelman was not engaging in any criminal activity, she was simply asking the police officer for his badge number after Officer Defendant 1 knocked her phone out of her hand and forcefully shoved her. Plaintiff Winkelman posed no threat to Officer Defendant 1.

127.    Officer Defendant 2's use of force was unreasonable under the circumstances and thus excessive.  Plaintiff Winkelman was not engaging in any criminal activity.  Officer Defendant 1 had just forcefully shoved her when Officer Defendant 2 grabbed her by the neck and slammed her to the pavement.  Plaintiff Winkelman posed no threat to Officer Defendant 2.

128.    Plaintiff Winkelman has suffered a violation of her civil rights as protected by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983 and § 1988.

## VI.    CAUSE OF ACTION: *MONELL* LIABILITY, CITY OF AUSTIN AND THE AUSTIN POLICE DEPARTMENT

129.    Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

130.    Plaintiffs bring claims against the City of Austin and APD under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).

131.    Plaintiff Winkelman has cognizable liberty interests to be free from excessive force pursuant to the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution.

132.    Plaintiff Winkelman likewise has cognizable liberty interests to engage in free speech and peaceably assemble and to be protected from retaliation for engaging in protected speech under the First Amendment.

133.    Plaintiff Winkelman exercised her free speech and assembly rights by attending the demonstration against police violence, demonstrating near officers, and filming the officers' conduct at the protest.

134.    The Chief of Police of APD (including former APD Chief Brian Manley and current APD Chief Joseph Chacon) is responsible for establishing the policies, rules, regulations, ordinances, and procedures under which each and every one of the APD employees must act.

135.    APD and Austin had a *de facto* policy or custom of using excessive force against protesters, even in the absence of any probable cause.

136.    The use of excessive force against the citizens of Austin, Texas, including Plaintiff, by members of APD is so widespread and pervasive as to have the force of law.

137.    The use of excessive force against protestors Austin, Texas, including Plaintiff, by members of APD is so widespread and pervasive as to have the force of law.

138.    Further, the lack of policies and procedures to provide for the safe and lawful treatment of individuals detained or engaged by the police amounts to a widespread practice that, although not explicitly authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law.

139.    The lack of established policies, rules, regulations, and procedures caused the violation of Plaintiff's civil rights under the United States Constitution, and, consequently, the damages suffered by Plaintiff.

140.    On information and belief, the policymakers within APD and the City of Austin actually or constructively knew or should have known that the lack of policy, rule, regulation or procedure would cause this type of civil rights violation. This is because of the widespread nature of the custom, general knowledge of its existence, and numerous opportunities and responsibilities of the responsible policymakers to be informed.

141.    Manley and Chacon, as Chief of Police for Austin and APD, are policymakers with respect to Austin and the APD. As Chief, Manley and Chacon have final policymaking authority by direct delegation from the City of Austin governing body, both express and implied, with respect to the unconstitutional actions taken by APD and its officers, as well as the lack of action taken in response to constitutional violations.

142.    Former Chief Manley and Chief Chacon ratified the unconstitutional actions of the Officer Defendants, specifically Officer Defendants 1 and 2.

143.    As stated in paragraphs 9-84, above, the violation of Plaintiff's rights by Defendants was not an isolated incident; violating the rights of Plaintiff and those similarly situated to Plaintiffs was the rule, not the exception, of the City of Austin by and through the APD.

144.    Former Chief Manley and Chief Chacon knew, as any reasonable policymaker would also know, that as a direct and proximate consequence of such practices, that innocent people like Plaintiff Winkelman would be seriously injured and victimized, and their constitutional rights violated.

145.    As a direct and proximate result of APD's policies and practices of using excessive force, numerous protestors suffered severe and devastating injuries, as well as violations of constitutional rights.

146.    As policymaker for the City, former Chief Manley and Chief Chacon explicitly approved the officers' actions, thus imputing liability to the County. *See Davidson v. City of Stafford*, 848 F.3d 384, 395-396 (5th Cir. 2017), as revised (Mar. 31, 2017) (citing *Monell*, 436 U.S. at 690–91)]. Ratification of an officer's decision by a policymaker with final decision-making authority may constitute the official policy of the municipality. *See*

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 926, 99 L. Ed. 2d 107 (1988).

147.    To Plaintiff's knowledge, no officer has been disciplined by APD for using excessive force against Plaintiff Winkelman, nor has any officer been disciplined for tolerating, authorizing, or endorsing this type of unconstitutional conduct.

## VII.    CAUSE OF ACTION: INADEQUATE TRAINING, AUSTIN POLICE DEPARTMENT AND THE CITY OF AUSTIN

148.    Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

149.    Plaintiff brings claims against the City of Austin and the Austin Police Department under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).

150.    APD and the City of Austin provided inadequate training and supervision, leading to the constitutional violations in this case.

151.    The training and supervision policy procedures of the City of Austin's policymaker were inadequate, the City of Austin's policymaker was deliberately indifferent in adopting such policies, and the inadequate training and supervision policies directly caused Plaintiff's injury and the violations of her constitutional rights.

152.    This inadequate training and supervision includes but is not limited to failing to adequately discipline officers, failing to adequately supervise officers, failing to adequately train officers concerning de-escalation of force, crowd control, and use of force against non-violent protestors, failing to train officers regarding demonstrators' free speech and assembly rights, training officers to act as paramilitary "warriors" and creating an "us vs them" culture where officers were "at war" with the community that they were

supposed to be serving, which encouraged officers to use excessive force, and failing to train or instruct officers about specific incidents it considers unreasonable, excessive force, or in violation of the Constitution

153.    These violations include but are not limited to the unlawful and unwarranted violent shoving and slamming into pavement of Plaintiff Winkelman, and taking away her personal property, and retaliation against Plaintiff for exercising her First Amendment rights.

154.    The City of Austin and APD failed to train their officers to avoid using excessive force in situations where force is not warranted. This predictably led to the violations of citizens' constitutional rights, including the rights of the Plaintiff in this case.

## VIII.    DAMAGES

155.    As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future pain and mental anguish, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of earning capacity, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## IX.    COMPENSATORY DAMAGES

156.    Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## X.    PUNITIVE DAMAGES

157.    The conduct committed by the Officer Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## XI.    ATTORNEYS' FEES AND EXPERT FEES

158.    Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

159.    As a result of Defendants' conduct and their deliberate indifference to Plaintiff's rights, Plaintiff was forced to retain counsel.

## XII.    DEMAND FOR JURY TRIAL

160.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all the issues in this case and tenders herewith the requisite jury fee.

## XIII.    PRAYERS FOR RELIEF

161.    WHEREFORE, cause having been shown, Plaintiff prays for, on trial of this just cause, judgment against Defendants as follows:

a.    Judgement against Defendants for violations of Plaintiff's civil rights, under 42 U.S.C. § 1983 and § 1988;

b.    Judgement jointly and severally against Defendants for the following damages:

i.    Damages for medical expenses in the past and future;

ii.    Damages for pain and suffering in the past and future;

iii.  Damages for mental anguish in the past and future;

iv.  Damages for impairment in the past and future;

v.  Exemplary damages against the Officer Defendants;

vi.  Reasonable attorneys' fees and costs of court;

vii.  Pre-judgement and post-judgement interest as allowed by law; and

viii.  Such other and further relief at law or in equity, special, or general to which

Plaintiff may show herself to be justly entitled.

Respectfully Submitted,
**KAPLAN LAW FIRM, PLLC**
3901 S. Lamar Blvd. # 260
Austin, Texas 78704
Telephone: (512) 553-9390
Telecopier: (512) 692-2788
www.kaplanlawatx.com

By: */s/ Matthew Caponi___*
**Austin Kaplan**
State Bar No. 24072176
**Matthew "Maff" Caponi**
State Bar No. 24109154
**Andrew Eckhous**
State Bar No. 24127926
akaplan@kaplanlawatx.com
mcaponi@kaplanlawatx.com
aeckhous@kaplanlawatx.com